UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| BRYAN PERRY NELSON COVINGTON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TERESA LAWS, ) <br> ESCOBAR JARNIGAN, ) <br> HAMBLEN COUNTY JAIL, ) <br> BLOUNT COUNTY JAIL, and ) <br> SOUTHERN HEALTH PARTNERS, ) <br> ) <br> Defendants. ) | No.: 2:19-CV-172-TAV-CRW |

## MEMORANDUM OPINION

This pro se prisoner's complaint for violation of 42 U.S.C. § 1983 is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA") [Doc. 2].

**I.  SCREENING STANDARDS**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. ALLEGATIONS OF COMPLAINT

A fire was started in the Hamblen County Jail on August 10, 2019, and Captain Teresa Laws left inmates in their cells inhaling smoke "for a long period of time" before transferring multiple inmates, including Plaintiff, to the Blount County Jail [Doc. 2 p. 3–4]. Plaintiff requested medical treatment prior to the transfer but was denied care, and he was transferred without his property [*Id*. at 4]. At the Blount County Jail, Plaintiff was placed in punitive segregation and staff threatened to beat Plaintiff [*Id.*]. Plaintiff has not been provided medical care despite making numerous requests for treatment [*Id.*].

## III. DISCUSSION

### A. Medical Care

Plaintiff alleges a denial of medical treatment at both the Hamblen County Jail and the Blount County Jail for an unspecified medical need. He concedes, however, that he

2

has "been placed on sick call" to receive medical care at the Blount County Jail [Doc. 2 p. 2].

It is well settled that a prison authority's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). But Plaintiff has not alleged any facts that would allow the Court to infer that he has or had a serious medical need that has been left untreated. That is, he has not identified a medical need "that has been diagnosed by a physician as mandating treatment *or* one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004). Even if the Court were to presume that Plaintiff's alleged smoke inhalation on August 10, 2019, was the impetus for the request for medical treatment, Plaintiff fails to allege that he has suffered any adverse effects from that event that require treatment. The Court therefore finds that Plaintiff has neither identified a medical need indicating that he faces a substantial risk of harm in the absence of treatment, nor plausibly alleged that any named Defendant acted with the culpable mental state of deliberate indifference to such a medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, this allegation fails to state a claim upon which relief may be granted.

### B. Segregation

Plaintiff also complains that he was transferred to the Blount County Jail without his property and placed in punitive segregation without any form of hearing [Doc. 2 p. 4]. Plaintiff's transfer does not implicate Plaintiff's constitutional rights, as there is no liberty

interest "in avoiding transfer to more adverse conditions of confinement." *Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)).

However, in certain circumstances, "a liberty interest in avoiding particular conditions of confinement may arise from state policies or regulations," *id.* at 222, where the confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 223 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

The Sixth Circuit has stated that "administrative segregations have repeatedly been held not to involve an 'atypical and significant' hardship implicating a protected liberty interest." *Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (citations omitted); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (finding that an inmate "could not after *Sandin*, argue that placement in administrative segregation is an 'atypical and significant hardship'"); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (finding that mere "placement in administrative segregation was not an atypical and significant hardship, as intended by *Sandin*"). Additionally, the duration of Plaintiff's confinement in punitive segregation (presuming that is his current status) has not been unduly lengthy, and the absence of a disciplinary hearing prior to his placement does not violate Plaintiff's constitutional rights. *See McMann v. Gundy*, 39 F. App'x 208, 209–10 (6th Cir. 2002) (finding prisoner's five-months in administrative segregation without hearing did not implicate his due process rights). Therefore, Plaintiff's placement in punitive segregation does not implicate a protected interest to which due process protections attach.

4

Accordingly, this allegation fails to state a claim upon which relief may be granted.

   C.   **Property**

To the extent Plaintiff's complaint alleges a random deprivation of property without due process upon his transfer to the Blount County Jail, the Court notes that such an allegation fails to raise a constitutional issue if the State provides a meaningful post-deprivation remedy. *See Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). The State of Tennessee provides an adequate post-deprivation remedy. *See* Tenn. Code Ann. § 9-8-301, *et seq.*; *see also McLaughlin v. Weathers*, 170 F.3d 577, 581–82 (6th Cir. 1999). Accordingly, this allegation fails to state a claim upon which relief may be granted.

   D.   **Threats**

Plaintiff contends that upon arrival at the Blount County Jail, staff warned Plaintiff that there were no cameras at the facility, and that they would beat Plaintiff if he "tr[ied] them" [Doc. 2 p. 4]. But Plaintiff does not allege that he has been harmed at the Blount County Jail, and a defendant's verbal intimidation does not raise a constitutional issue. *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that allegations of harassment and verbal abuse are insufficient to assert a claim under the Eighth Amendment). Accordingly, this allegation fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

None of Plaintiff's allegations state a claim upon which relief may be granted in this § 1983 action. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE